UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

———————————————————————

IN RE:
C.R. STONE CONCRETE
CONTRACTORS, INC.,                                  Chapter 7
          DEBTOR.                                   Case No. 05-11119-WCH

———————————————————————

JOSEPH BUTLER, CHAPTER 7 TRUSTEE
OF THE ESTATE OF C.R. STONE
CONCRETE CONTRACTORS, INC.,
          PLAINTIFF,
                                                    Adversary Proceeding
v.                                                  No. 05-1307

RICHARD ANDERSON, GILLIAN
WELBY, JOHN MARINI, PLUMB HOUSE,
INC., DALTON BUILDERS, INC., JOHN
MARINI MANAGEMENT COMPANY,
LENOX-NORWOOD LLC, AND THE
FRAMING COMPANY, INC.,
          DEFENDANTS.

———————————————————————

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

The matter before the Court is the Plaintiff's Motion to Substitute (the "Motion to Substitute") filed by the plaintiff, Joseph Butler (the "Trustee"), Chapter 7 trustee of the estate of C.R. Stone Concrete Contractors, Inc. (the "Debtor"), the Opposition of Plumb House, Inc. and Dalton Builders, Inc. to Plaintiff's Motion to Substitute (the "Opposition") filed by defendants Plumb House, Inc. ("Plumb House") and Dalton Builders, Inc. ("Dalton") and assented to by defendants John Marini ("Marini"), John Marini Management Company ("Marini Management"), Lenox-Norwood LLC ("Lenox"), The Framing Company, Inc. (the "Framing

1

Co.," collectively, the "Marini Defendants"),[1] and Gillian Welby ("Welby"), and the Plaintiff's Memorandum in Reply to [the Opposition] filed by the Trustee. In light of the passing of the defendant Richard Anderson ("Anderson"), the Trustee moves to substitute Charles G. Krattenmacher, Jr. ("Krattenmacher"), the Executor of the Anderson's Estate, for Anderson as a party defendant in this proceeding pursuant to Fed. R. Civ. P. 25(a), made applicable to adversary proceedings by Fed. R. Bankr. P. 7025. The defendants oppose, asserting that the Motion to Substitute is untimely and that the Trustee's claims against Anderson were extinguished upon his death. For the reasons set forth below, I will deny the Motion to Substitute without prejudice.

## II. BACKGROUND

Although the present adversary proceeding's procedural history and background are complex,[2] a complete recitation of the allegations underlying the Complaint is unnecessary for purposes of the Motion to Substitute.

By way of brief background, the Debtor was formerly a duly organized Massachusetts corporation that operated a business performing concrete contracting, design, and installation in all phases of construction.[3] Anderson was the principal and "primary decision maker" of Plumb House and Dalton.[4] Plumb House and Dalton are Massachusetts corporations engaged in the

---

[1] Identification of these parties as the "Marini Defendants" is meant for ease of reference and does not constitute a finding that these entities are the alter ego of Marini.

[2] *See Butler v. Anderson (In re C.R. Stone Concrete Contractors, Inc.)*, 434 B.R. 208 (Bankr. D. Mass. 2010) (denying the Marini Defendants' motion to dismiss the present adversary proceeding); *C.R. Stone Concrete Contractors, Inc. v. Anderson (In re C.R. Stone Concrete Contractors, Inc.)*, 346 B.R. 32 (Bankr. D. Mass. 2006) (denying the Trustee's motion to approve a proposed settlement with the defendants).

[3] Amended Complaint, Docket No. 146, ¶ 14.

[4] *Id.* at ¶ 2.

Case 05-01307    Doc 190    Filed 07/26/11    Entered 07/26/11 10:47:43    Desc Main
Document    Page 3 of 6

business of general contracting on projects for which the Debtor was a subcontractor.[5] Through his complaint, the Trustee alleges that Anderson and Welby, with "substantial assistance" from Marini, allegedly "joined together to strip [the Debtor's] lucrative business away from it and transfer it to Anderson."[6]

On November 17, 2010, Anderson passed away. The Trustee filed a Suggestion of Death and Motion for Stay of Case Deadlines with the assent of the defendants on December 6, 2010. At this time, the representative of Anderson's estate was undetermined. I granted the motion the following day.

Krattenmacher was appointed executor of Anderson's estate on February 22, 2011. On March 18, 2011, the parties filed a Joint Motion to Establish New Case Deadlines (the "Joint Motion") which included, *inter alia*, a deadline of April 15, 2011 for the Trustee to file a motion to substitute executor of Anderson's estate as a party defendant.[7] I granted the Joint Motion on March 25, 2011, expressly approving the deadlines set forth therein.

As contemplated by the Joint Motion, the Trustee filed the Motion to Substitute on April 15, 2011. In the Motion to Substitute, the Trustee stated that:

> Anderson, Plumb House, Inc., and Dalton Builders, Inc. have all been represented by the law firm Krokidas & Bluestein, and *it is believed* that Krokidas & Bluestein will represent the interests of Anderson's estate to the extent that claims survive against the estate.[8]

The certificate of service attached to the Motion to Substitute indicates that the Trustee served three individuals by electronic means: Charles Kindregan of Looney & Grossman LLP as

---

[5] *Id.* at ¶¶ 5-6.

[6] *Id.* at ¶ 30.

[7] Docket No. 175.

[8] Docket No. 178 at ¶ 4 (emphasis added).

counsel to Welby, James S. Singer of Rudolph Friedman LLP,[9] and Vincent J. Pisegna of Krokidas & Bluestein LLP.[10] Notably absent from the certificate of service is Krattenmacher.

Despite their prior assent to the imposition of the April 15, 2011 deadline to file the Motion to Substitute, Plumb House and Dalton Builders, with the assent of Welby and the Marini Defendants, filed the Opposition on April 29, 2011,[11] asserting that the Motion to Substitute was untimely or that the claims against Anderson did not survive his death pursuant to Mass. Gen. Laws ch. 228, § 1.[12] The matter was scheduled to be heard on May 18, 2011, and the Trustee filed a certificate of service indicating that he served the Court's Notice of Nonevidentiary Hearing on Attorneys Kindregan, Singer, Pisegna, and Hugh Dun Rappaport, of Krokidas & Bluestein LLP, on May 5, 2011. Again, it does not appear that the Trustee served Krattenmacher. I conducted a hearing on the Motion to Substitute on May 18, 2011 as scheduled, and at the conclusion of the hearing, I took the matter under advisement.

---

[9] Though not identified as such on the certificate of service, Attorney Singer is counsel of record to the Marini Defendants.

[10] Though not identified as such on the certificate of service, Attorney Pisegna is counsel of record to the Anderson Defendants.

[11] Although this point was not raised by the Trustee, I find it doubtful that any of these entities or individuals have standing to object to the Motion to Substitute. Indeed, a defendant typically has no control over who the plaintiff chooses to name as a co-defendant. At best, a defendant may move to join a party not named by the plaintiff, *see* Fed. R. Civ. P. 19, made applicable to adversary proceedings by Fed. R. Bankr. P. 7019, or seek dismissal if a required party is not joined. *See* Fed. R. Civ. P. 12(b)(7), made applicable to adversary proceedings by Fed. R. Bankr. P. 7012(b). The procedural posture of this case does not alter that.

[12] Mass. Gen Laws ch. 228, § 1 provides:

> In addition to the actions which survive by the common law, the following shall survive:--
> (1) Actions under chapter two hundred and forty-seven;
> (2) Actions of tort (a) for assault, battery, imprisonment or other damage to the person; (b) for consequential damages arising out of injury to the person and consisting of expenses incurred by a husband, wife, parent or guardian for medical, nursing, hospital or surgical services in connection with or on account of such injury; (c) for goods taken or carried away or converted; or (d) for damage to real or personal property; and
> (3) Actions against sheriffs for the misconduct or negligence of themselves or their deputies.

Mass. Gen. Laws ch. 228, § 1.

4

## III. DISCUSSION

Fed. R. Civ. P. 25(a), made applicable to adversary proceedings by Fed. R. Bankr. P. 7025, provides in relevant part:

> (1) **Substitution if the Claim Is Not Extinguished.** If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> * * *
>
> (3) **Service.** A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.[13]

Although this issue was apparently overlooked by the parties, it does not appear the Trustee served Krattenmacher with either the Motion to Substitute or suggestion of death at all, let alone in conformance with Fed. R. Civ. P. 4.[14] While Fed. R. Civ. P. 25(a)(3) does not specifically identify what "nonparties" must receive service, there is no question that the estate representative sought to be substituted for the decedent falls within that category else the Court would have no *in personam* jurisdiction over that nonparty.[15]

For this reason alone, the Motion to Substitute must be denied without prejudice. Therefore, I need not reach the issues raised by the parties at this time.

---

[13] Fed. R. Civ. P. 25(a)(1), (3), made applicable to adversary proceedings by Fed. R. Bankr. P. 7025.

[14] *See* Fed. R. Civ. P. 4 (requiring service by summons), made applicable to adversary proceedings by Fed. R. Bankr. P. 7004(a)(1).

[15] *See Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008); *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994); *Bass v. Attardi*, 868 F.2d 45, 50 n.12 (3rd Cir. 1989); *Ransom v. Brennan*, 437 F.2d 513, 517 (5th Cir. 1971).

## IV. CONCLUSION

In light of the foregoing, I will enter an order denying the Motion to Substitute without prejudice.

_____
William C. Hillman
United States Bankruptcy Judge

Dated: July 26, 2011